IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| R. WAYNE JOHNSON § | |
|    Petitioner § | |
| § | |
| v. § | Case No. 5:23-cv-57-RWS-JBB |
| § | |
| DIRECTOR, TDCJ-CID § | |
|    Respondent § | |

## ORDER

    Petitioner R. Wayne Johnson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed the above-captioned petition for the writ of habeas corpus complaining of the legality of a conviction for criminal contempt. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

    Petitioner alleges that a judge in Fannin County and three judges on the Sixth Judicial District Court of Appeals for the State of Texas used a void order from Bee County to hold him in criminal contempt when he was not represented by an attorney. Docket No. 1 at 2, 5. Court records show that Petitioner filed a petition for the writ of mandamus challenging a criminal contempt citation entered by Judge Laurine Blake of the 336th Judicial District Court of Fannin County. *In re Johnso*n, No. 06-13-00137-CV, 2014 Tex. App. LEXIS 52, at *1 (Tex. App.—Texarkana Jan. 7, 2014, no pet.). The Sixth Judicial District Court of Appeals denied this petition for mandamus relief because Petitioner failed to establish his entitlement to relief. *Id.*[1]

    The Magistrate Judge ordered Petitioner to pay the statutory filing fee of $5.00 or seek leave to proceed *in forma pauperis* ("IFP"). Docket No. 2. The Magistrate Judge also directed Petitioner

---

[1] The court also noted Petitioner "is on the State of Texas' list of vexatious litigants." *Id.*

to file an amended complaint setting out the grounds upon which he seeks relief and the facts relied upon for each ground of relief. Docket No. 3. Petitioner received copies of these orders on July 6, 2023, but did not respond. *See* Docket No. 6.[2]

On September 18, 2023, the Magistrate Judge issued a report recommending that the petition be dismissed without prejudice for failure to prosecute or to obey an order of the Court. Docket No. 7. Petitioner filed objections contending that: (1) the Magistrate Judge's report reads like "a cheap novel"; (2) criminal contempt is criminal and not civil and requires appointment of counsel; (3) Judge Blake's order was void because it was issued in "absentia" and the judge has no power to enforce a Bee County order in Fannin County; (4) the state judge committed a crime under 18 U.S.C. § 242; (5) the Magistrate Judge lacked jurisdiction under *In re Paxton*;[3] (6) the merits of his claims were not addressed; (7) the Rooker-Feldman Doctrine holds that federal courts lack jurisdiction to review state court orders; and (8) the district court should only address the issue of jurisdiction. Docket No. 9. On October 20, 2023, Petitioner filed a motion to enforce crime victim rights that provided some additional facts but still fails to comply with the Court's orders. *See* Docket No. 10.

None of Petitioner's objections address Petitioner's failure to comply with the Court's orders. Petitioner's contention that the Magistrate Judge lacked jurisdiction is incorrect and offers no basis upon which to set aside the report. Further, Petitioner has yet to comply with the Court's orders to amend his complaint and pay the statutory filing fee of $5.00 or seek leave to proceed IFP. Docket Nos. 4, 5.

---

[2] Petitioner filed two notices claiming Texas parole laws are unconstitutional and arguing Judge Blake lacked jurisdiction to enforce the order from Bee County. Docket Nos. 4, 5. Neither of these notices complied with the Court's order to file an amended complaint. *See id.*; *see also* Docket No. 7 at 2.

[3] All habeas cases are referred to Magistrate Judges. *See* General Order No. 05-10. *Paxton* does not address a Magistrate Judge's ability to enter preliminary orders and submit reports with proposed findings of fact and recommendations. *See* 60 F.4th 252 (5th Cir. 2023).

The Court has conducted a careful *de novo* review of the portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the Magistrate Judge (Docket. No. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. A certificate of appealability is **DENIED** *sua sponte*.

**SIGNED this 27th day of November, 2023.**

*Robert W Schroeder III* (signature)
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE